UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-----------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No. 15-1815 |
| - v. - | : | |
| ROSS ULBRICHT, | : | DECLARATION OF JOSHUA L. DRATEL IN SUPPORT OF MOTION FOR LEAVE TO FILE AN OVERSIZED BRIEF AND TO FILE THIS MOTION OUT OF TIME |
| | : | |
| Defendant-Appellant. | : | |

-----------------------------------------------------------------x

JOSHUA L. DRATEL, pursuant to 28 U.S.C. §1746, hereby declares under penalty of perjury:

1. I am an attorney, and I make this declaration in support of Defendant-Appellant Ross Ulbricht's motion for leave to file the accompanying oversized brief (which has been filed concurrent with this motion) pursuant to Local Rule 27(g), and to file this motion out of time. For the reasons set forth below, it is respectfully submitted that the oversized brief is necessary to cover the important and novel issues presented in Mr. Ulbricht's appeal, particularly in light of the extensive pretrial, trial, sentencing, and post-trial record litigation this case has generated.

2. The trial in this case lasted four weeks and involved a very complex set of facts and legal issues that were briefed in great detail. In some respects, this was the first prosecution of its kind: of the alleged proprietor of a web site, the Silk Road, that operated on the anonymous TOR internet network and accepted only bitcoin, an electronic currency, as payment, and allowed vendors to sell whatever products they wished to purvey. The discovery included five terabytes of data, and the government introduced hundreds of exhibits at trial.

1

3. The investigation executed 14 separate warrants or orders for a variety of searches and electronic monitoring (via pen registers and trap and trace devices that captured internet routing information). This appeal involves challenges to several of those searches because the warrants at issue lacked particularity and because the pen register and trap and trace devices should have required a warrant because the captured content, because they monitored Mr. Ulbricht's activities in his own home, because they sought prospective, rather than merely historical data, and because they were used to track Mr. Ulbricht's location.

4. Extensive pretrial litigation was also devoted to the admissibility of the investigation, and evidence related thereto, of the corruption of a DEA Agent directly involved in the Silk Road investigation, and which related directly to that participation. That litigation was renewed after trial when that former DEA Agent was formally charged, and when disclosure was made to the defense for the first time that a second law enforcement agent, from the Treasury Department, also committed crimes in the course of the Silk Road investigation.

5. The trial also created continued and complicated litigation involving evidentiary issues that arose, including the District Court's curtailment of cross-examination of government witnesses, its preclusion of two defense expert witnesses, and its exclusion of an exculpatory statement that constituted a statement against penal interest by an unavailable declarant.

6. The novel circumstances of this case presented a unique set of factual and legal issues. All of these issues are fact-intensive and fact-specific. Also, many of the legal issues evolved over the course of the case, and were the subject of successive briefing and court opinions. That evolution needs to be traced in some depth in order to permit adequate understanding of each issue's context within the case as a whole.

7. In addition, Mr. Ulbricht, 30 years old at the time of his conviction, received a life sentence after voluminous briefing on contested factual issues not charged, but which the government presented in the sentencing context, and upon which the District Court ultimately relied.

8. There are also a considerable number of subheadings, which are designed to enhance readability, coherence, and understanding of this complex and factually dense case, but nevertheless have unavoidably increased the word count (and page length) of the Brief.

9. As a result, an oversized brief is necessary to present these issues adequately, and in a manner that can sufficiently assist the Court in understanding the factual context, as well as the legal landscape of these rare but complex issues in a case in which the defendant received a life sentence. The Brief is 30,908 words. I have endeavored to edit and delete as much as possible without sacrificing the essential merits of these multiple and layered arguments. I have also when possible streamlined certain issues, summarized facts when possible, and not repeated facts or law when or if mentioned previously in another Point in the Brief. The full draft was at least 30% longer, and that was after certain issues and sub-issues were dropped from the final product.

10. The points that remain are essential to the appeal, and to providing the Court with the context, both factually and legally, that is necessary to present Mr. Ulbricht's appeal effectively. As a result, in my professional judgment, I cannot shorten the Brief any further without doing genuine and serious damage to Mr. Ulbricht's appeal. There are simply too many essential elements to this mammoth case, and too much at stake for Mr. Ulbricht.

11. This motion is being made out of time because, as noted above, I have taken most seriously the task of editing the Brief as much as possible. As a result, I have held on to the Brief

longer than I would have otherwise in order to continue trimming it this past week. I did not want to submit with this motion on a Brief that I could not, in good faith, attest was the product of the best editing effort I could muster.

12. Accordingly, this motion for an oversized Brief is submitted out of time. For all the reasons set forth above, it is respectfully requested that the Court grant leave to file the oversized Brief submitted herewith, it is respectfully requested that the Court grant this application in its entirety, and grant Mr. Ulbricht leave to file the accompanying oversized Brief, and to make this motion out of time, and for any other such relief as this Court deems just and proper.

WHEREFORE, it is respectfully requested that the Court grant this application in its entirety, and grant Mr. Ulbricht leave to file the accompanying oversized Brief, and to make this motion out of time, and for any other such relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. 28 U.S.C. §1746. January 12, 2016.

    /s/ Joshua L. Dratel
    JOSHUA L. DRATEL