UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-----------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No. 15-1815 |
| - v. - | : | |
| | | DECLARATION OF JOSHUA |
| ROSS ULBRICHT, | : | L. DRATEL IN SUPPORT OF |
| | | MOTION FOR LEAVE TO FILE |
| Defendant-Appellant. | : | AN OVERSIZED REPLY BRIEF |
| | | AND TO FILE THIS MOTION |
| | : | OUT OF TIME |

-----------------------------------------------------------------x

JOSHUA L. DRATEL, pursuant to 28 U.S.C. §1746, hereby declares under penalty of

perjury:

1.  I am an attorney, and I make this declaration in support of Defendant-Appellant Ross

Ulbricht's motion for leave to file the accompanying oversized Reply Brief (which has been filed

concurrent with this motion) pursuant to Local Rule 27(g), and to file this motion out of time.  For

the reasons set forth below, it is respectfully submitted that the oversized brief is necessary to

cover the important and novel issues presented in Mr. Ulbricht's appeal, particularly in light of the

government's 37,016-word responsive Brief (following Mr. Ulbricht's 30,908-word Initial Brief).

2.  I have been in contact with Assistant United States Attorney Eun Young Choi, and she

has informed me that the government consents to an oversized Reply Brief of no more than

14,000 word.  The length of the proposed Reply Brief is 13,961 words.

3.  The trial in this case lasted four weeks and involved a very complex set of facts and

legal issues that were briefed in great detail.  In some respects, this was the first prosecution of its

kind:  of the alleged proprietor of a web site, the Silk Road, that operated on the anonymous TOR internet network and accepted only bitcoin, an electronic currency, as payment, and allowed vendors to sell whatever products they wished to purvey.  The discovery included five terabytes of data, and the government introduced hundreds of exhibits at trial.

4.  The investigation executed 14 separate warrants or orders for a variety of searches and electronic monitoring (via pen registers and trap and trace devices that captured internet routing information).  This appeal involves challenges to several of those searches because the warrants at issue lacked particularity and because the pen register and trap and trace devices should have required a warrant because of the captured content, because they monitored Mr. Ulbricht's activities in his own home, because they sought prospective, rather than merely historical data, and because they were used to track Mr. Ulbricht's location.

5.  Extensive pretrial litigation was also devoted to the admissibility of the investigation, and evidence related thereto, of the corruption of a DEA Agent directly involved in the Silk Road investigation, and which related directly to that participation.  That litigation was renewed after trial when that former DEA Agent was formally charged, and when disclosure was made to the defense for the first time that a second law enforcement agent, from the Treasury Department, also committed crimes in the course of the Silk Road investigation.

6.  The trial also created continued and complicated litigation involving evidentiary issues that arose, including the District Court's curtailment of cross-examination of government witnesses, its preclusion of two defense expert witnesses, and its exclusion of an exculpatory statement that constituted a statement against penal interest by an unavailable declarant.

7.  The novel circumstances of this case presented a unique set of factual and legal issues,

and the briefing already by both sides reflects that. All of these issues are fact-intensive and fact-specific. Also, many of the legal issues evolved over the course of the case, and were the subject of successive briefing and court opinions. That evolution needs to be traced in some depth in order to permit adequate understanding of each issue's context within the case as a whole.

8. In addition, Mr. Ulbricht, 30 years old at the time of his conviction, received a life sentence after voluminous briefing on contested factual issues not charged, but which the government presented in the sentencing context, and upon which the District Court ultimately relied.

9. As a result, an oversized brief is necessary to present these issues adequately, particularly since the government's Brief eclipsed Mr. Ulbricht's Initial Brief by nearly 7,000 words.

10. I have endeavored to edit and delete as much as possible without sacrificing the essential merits of these multiple and layered arguments that are necessary to an effective Reply Brief. I have also chosen *not* to address certain issues that were sufficiently covered in the Initial Brief, and concentrated on government arguments that were not addressed in the Initial Brief. As a result, the Reply Brief is considerably shorter than it would be if it addressed the government's Brief *en toto*. It is also between 10 and 20 percent shorter than the first draft.

11. This motion is being made out of time because, as noted above, I have taken most seriously the task of editing the Reply Brief as much as possible. As a result, I have held on to the Reply Brief longer than I would have otherwise in order to continue trimming it this past week. I did not want to submit with this motion a Reply Brief that I could not, in good faith, attest was the product of the best editing effort I could muster.

WHEREFORE it is respectfully requested that the Court grant leave to file the 13,691-word oversized Reply Brief submitted herewith, to make this motion out of time, and for any other such relief as this Court deems just and proper.  As noted **ante**, at ¶ 2, the government consents to this application.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  28 U.S.C. §1746.  August 1, 2016.

         /s/ Joshua L. Dratel
         JOSHUA L. DRATEL