# 15-1815

*To Be Argued By*:
EUN YOUNG CHOI

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

### Docket No. 15-1815

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

ROSS WILLIAM ULBRICHT,
also known as Dread Pirate Roberts, also known as Silk Road,
also known as Sealed Defendant 1, also known as DPR,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## SUPPLEMENTAL BRIEF FOR THE UNITED STATES OF AMERICA

PREET BHARARA,
*United States Attorney for the Southern District of New York,
Attorney for the United States of America.*
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2200

EUN YOUNG CHOI,
MICHAEL D. NEFF,
TIMOTHY T. HOWARD,
MARGARET GARNETT,
    *Assistant United States Attorneys,
        Of Counsel.*

## TABLE OF CONTENTS

PAGE

Preliminary Statement ....................... 1

ARGUMENT:

Ulbricht's Supplemental Appendix Contains No New Information in Support of Ulbricht's Appeal........................ 2

CONCLUSION ............................. 7

United States Court of Appeals
FOR THE SECOND CIRCUIT
Docket No. 15-1815

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

ROSS WILLIAM ULBRICHT, also known as Dread Pirate Roberts, also known as Silk Road, also known as Sealed Defendant 1, also known as DPR,

*Defendant-Appellant.*

**BRIEF FOR THE UNITED STATES OF AMERICA**

**Preliminary Statement**

The United States of America respectfully submits this supplemental brief in response to the Motion for Leave to File a Supplemental Appendix and the Supplemental Appendix filed by defendant-appellant Ross William Ulbricht on August 1, 2016, as well as those portions of the Reply Brief filed by Ulbricht that same day which relate thereto, and in accordance with this Court's Order of August 10, 2016. Ulbricht's Supplemental Appendix consists of documents containing the defendant's pedigree and arrest

2

data, queried from the Joint Automated Booking System ("JABS"), which lists former Drug Enforcement Administration ("DEA") agent Carl Force as an arresting officer. Contrary to the claims in Ulbricht's reply brief, these documents do not support his claims and do not represent "new information." Accordingly, for all the reasons set forth in the Government's initial brief in opposition to Ulbricht's appeal, the convictions and sentence should be affirmed.

## ARGUMENT

### Ulbricht's Supplemental Appendix Contains No New Information in Support of Ulbricht's Appeal

Ulbricht's Supplemental Appendix contains two versions of a JABS[1] report containing the defendant's pedigree and arrest data, which lists "Carl Force" under the entry labeled "Arrested or Received Information." First, contrary to the assertions of the defendant, these JABS forms do not establish that Carl Force played *any* role in this Office's investigation, arrest, and prosecution of Ulbricht. Rather, this re-

---

[1] JABS is a database maintained by the United States Marshals Service that contains information on alleged criminal offenders who have been arrested and booked by Federal, state, or local agencies. The Government routinely produces JABS entries to defendants, in order to fulfill its obligations under Federal Rule of Criminal Procedure 16.

3

port simply reflects that Carl Force updated Ulbricht's information in the JABS system to list separate charges brought by the United States Attorney's Office for the District of Maryland ("USAO-Baltimore") against Ulbricht, resulting from the undercover investigation led by the Baltimore Task Force. (*See* Gov't Br. 30-32).[2]

As previously described in the Government's initial brief in this appeal, although several law enforcement agents had investigations relating to Silk Road, it was ultimately members of the New York-based investigation who correctly identified Ulbricht as "Dread Pirate Roberts," and participated in the arrest of Ulbricht. (*See* Gov't Br. 21).[3] On October 1,

---

[2] "ASA" refers to Ulbricht's Supplemental Appendix; "Reply Br." refers to Ulbricht's Reply Brief; and "Gov't Br." refers to the initial Brief for the United States of America.

[3] As Ulbricht is aware, and is publicly available on the docket, USAO-Baltimore first brought its charges in a "John Doe" Indictment, dated May 1, 2013, prior to the identification by the New York-led investigation of Ulbricht as "Dread Pirate Roberts." *See United States* v. *Ross William Ulbricht*, No. CCB-13-0222 (D. Md.) (Docket Entry 1). On October 1, 2013, the day of Ulbricht's arrest in San Francisco, the USAO-Baltimore returned to the Grand Jury to present a superseding Indictment, identifying Ross William Ulbricht as the previously-charged "John Doe." *See United States* v. *Ross William Ulbricht*, No. CCB-13-0222 (D. Md.) (Docket Entry 4).

4

2013, the date of Ulbricht's arrest in San Francisco by the Federal Bureau of Investigation on the charges brought by this Office, Ulbricht's information was first entered into JABS. The *original* JABS entry listed then-Special Agent Christopher Tarbell of the FBI's New York Field Office as the arresting officer, with a summary of the charges against him as "Smuggle Contraband." On October 3, 2014, the JABS information for Ulbricht was updated to add the location at which Ulbricht was being held in custody, and to update the charges against him to include "Fraud and Abuse—Computer"; "Dangerous Drugs"; and "Money Laundering." And on October 4, 2014—three days after Ulbricht's arrest—Carl Force updated the JABS information to replace Agent Tarbell's information with his own, replacing the charges listed in the original report with an entry for "Cocaine," and adding information regarding the names and addresses of Ulbricht's family members.[4] It is the result of that last entry by Carl Force that the JABS report that was produced to the defense bore Carl Force's name. (*See* ASA-3). It does not establish that Carl Force was present in San Francisco at the time of Ulbricht's arrest, participated in Ulbricht's arrest, or otherwise had any involvement whatsoever in the New York-based investigation of Silk Road.

Thus, Ulbricht's assertion that the date of the JABS entry calls into question the Government's rep-

---

[4] Upon request, the Government can provide the Court data from the JABS system in support of this chronology.

5

resentations regarding Carl Force's role (or lack thereof) in the conviction of Ulbricht in this District is a claim utterly without merit. As the Government has consistently maintained, "Force played no role in the investigation of Silk Road conducted by this Office; he was never contemplated as a witness at trial; and none of the trial evidence otherwise came from the USAO-Baltimore investigation in which he was involved," and the USAO-San Francisco investigation has not yielded any information exculpatory as to Ulbricht, "not before trial, not during trial, and not since." (Gov't Br. 40-41 (quoting Docket Entry 230, at 22, 25)). The JABS report simply reflects the date that Carl Force, in the wake of Ulbricht's arrest in San Francisco on New York charges, decided to enter updated information in JABS to include the pending Baltimore charges against the defendant. It is not evidence of the Government's "conscious[ ] contriving [of] 'independence'" among the components of the Silk Road investigation (Reply Br. 3), but instead is simply evidence that Carl Force sought credit for charges that USAO-Baltimore brought against Ulbricht, after New York had successfully led the charge in bringing him to justice.

Second, even under the defendant's own version of events, this information, whatever its value or lack thereof, was not in any sense suppressed by the Government, nor is it truly "newly discovered" evidence. One version of the JABS report in the possession of the defense redacts Carl Force's name, and the other does not. (*Compare* ASA-1 with ASA-3). In his Reply Brief, Ulbricht describes this information as having been newly "released, collected, or discovered" since

6

the filing of his appeal. (*See* Reply Br. 3). But Ulbricht's own description justifying the tardiness of his filing belies the very notion that the Government suppressed any information regarding Carl Force being listed in JABS as an agent associated with Ulbricht's case. Taking the defense's representations at their word, the Government produced the document in unredacted form, with Carl Force listed as an arresting agent, in or about February 2014, to the defendant. It then took the defense until July 2016—years after Carl Force's investigation for corruption was disclosed to the defense, and became the crux of the defense below and on appeal—for defense counsel purportedly to realize that Ulbricht had been in possession of the unredacted form which contains Carl Force's name as officer under "Arrested or Received Information." Whatever the reason for this delay, it can hardly be said that this constituted an act of suppression by the Government.

7

## CONCLUSION

**For the foregoing reasons, and those set forth in the initial Brief for the United States of America, the judgment of conviction and sentence should be affirmed.**

Dated: New York, New York
August 29, 2016

>Respectfully submitted,
>
>PREET BHARARA,
>*United States Attorney for the*
>*Southern District of New York,*
>*Attorney for the United States*
>*of America.*

EUN YOUNG CHOI,
MICHAEL D. NEFF,
TIMOTHY T. HOWARD,
MARGARET GARNETT,
>*Assistant United States Attorneys,*
>>*Of Counsel.*